UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JEREMIAH CHESNEY, | Civil Action No. 2:14-cv-11097 |
| Plaintiff, | |
| v. | Hon. |
| CITY OF JACKSON, MICHIGAN, COUNTY OF JACKSON, MICHIGAN, POLICE SERGEANT PAUL GROSS, in his individual and official capacities, POLICE OFFICER TIMOTHY BLACK, in his individual and official capacities, POLICE OFFICER WILLIAM MILLS, in his individual and official capacities, POLICE OFFICER PETER POSTMA, in his individual and official capacities, POLICE OFFICER CARY KINGSTON, in his individual and official capacities, and MATTHEW R. HEINS, in his official capacity as Director of Police and Fire Services for the City of Jackson, | COMPLAINT AND JURY DEMAND |
| Defendants. | |

_____/
Steven W. Dulan (P54914)
The Law Offices of
Steven W. Dulan, PLC
Attorney for Plaintiff
1750 E Grand River Ave
Suite 101
East Lansing, MI 48823
(517) 333-7132
swdulan@stevenwdulan.com
_____/

# COMPLAINT

Plaintiff alleges:

## Common Allegations

1. This action arises under 42 U.S.C. § 1983. Jurisdiction is conferred by 28 U.S.C. § 1331, 1343(a)(3), (4).

2. Jurisdiction over Plaintiff's state law claims is conferred by 28 U.S.C. § 1367.

3. Venue is appropriate under 28 U.S.C. § 1391(b).

4. Plaintiff is an individual residing in Jackson, Michigan, in Jackson County.

5. Defendant City of Jackson is a municipal corporation organized and existing under the laws of the State of Michigan, having authority, duties, and powers as provided under the laws of the State of Michigan and the Ordinances of the City of Jackson.

6. Defendant County of Jackson is a county incorporated and existing under the laws of the State of Michigan, having

authority duties, and powers as provided under the laws of the State of Michigan and the Ordinances of the County of Jackson.

7. Defendant City of Jackson operates the Jackson Police Department.

8. Defendant City of Jackson, through the Jackson Police Department, has responsibility for the hiring, training, supervising, disciplining, and retention of the police officers it employs, including those individually named in this suit.

9. Defendant County of Jackson operates the Jackson County Jail and the 12th District Court.

10. At all material times, Defendant Sergeant Paul Gross was a law enforcement officer for the City of Jackson, Michigan.

11. At all material times, Defendant Officer Timothy Black was a law enforcement officer for the City of Jackson, Michigan.

12. At all material times, Defendant Officer William Mills was a law enforcement officer for the City of Jackson, Michigan.

13. At all material times, Defendant Officer Peter Postma was a law enforcement officer for the City of Jackson, Michigan.

14. At all material times, Defendant Officer Cary Kingston was a law enforcement officer for the City of Jackson, Michigan.

15. When the events alleged in this complaint occurred, Defendant Officers were acting within the scope of their employment, under color of law, and in furtherance of the policies, practices, and customs of the City of Jackson.

16. At all material times, Defendant City of Jackson employed Defendant Officers and is liable for their acts.

17. The City is also liable because of its policies practices and customs, which lead to an unreasonable risk of rights being denied to those in similar circumstances to Plaintiff.

18. On May 15, 2013, at or about 5:00 P.M., Plaintiff was attempting to conduct personal business at the Secretary of State Office located in the Jackson Crossing Mall.

19. Plaintiff was exercising his First, Second, and Fourteenth Amendment rights by openly carrying a pistol on his person in plain view for both personal protection and to increase awareness that Open Carry is lawful in the state of Michigan.

20. No law of the State of Michigan forbids openly carrying a pistol in plain view.

21. The Michigan Secretary of State office is not a gun-free zone.

22. Jackson Crossing Mall is neither listed nor clearly signed, if at all, as a gun-free zone.

23. Plaintiff possesses a valid Concealed Pistol License, which requires firearm training and a lack of criminal history.

24. Despite the fact that Plaintiff was openly carrying his pistol in accordance with all Michigan Laws, he was forcibly removed from the Secretary of State's office without cause by Defendant Officers.

25. Plaintiff was subsequently assaulted, battered, and arrested, without cause by the same officers.

26. Defendant Officers forcibly put Plaintiff in handcuffs and placed Plaintiff in the back of Defendant Officer Mills' squad car with a police dog.

27. Defendant Officers conspired to create charges against Plaintiff.

28. Plaintiff was held in the Jackson County Jail for two days, from Wednesday to Friday, before being arraigned at the 12th District Court.

29. Plaintiff was charged with resisting arrest and carrying a firearm during the commission of a felony.

30. After the alleged resistance, one of the arresting officers returned inside the Secretary of State's office to see whether Plaintiff could return to complete his business.

31. Plaintiff's pistol was confiscated by Defendant Officer Black.

32. The charges against Plaintiff were dismissed by the Jackson County Prosecutor's Office by Motion/Order of Nolle Prosequi, with "interests of justice" cited as the reason.

33. Although the charges against Plaintiff were dismissed as untriable, his pistol is still being held by the Jackson Police Department.

34. During the events alleged in this Complaint, Defendants acted in concert, within the scope of their employment, and under color of state law.

## Count I - Fourth and Fourteenth Amendment Violations

35. Plaintiff incorporates by reference paragraphs 1 through 34.

36. Plaintiff's constitutionally protected rights that Defendant Officers violated include the following:

    (a) His right to be free from unreasonable searches and seizures of his person and property, protected by the Fourth Amendment as incorporated by the Fourteenth Amendment.

    (b) His right to liberty protected by the substantive component of the Due Process Clause of the Fourteenth Amendment, which includes personal safety and freedom from captivity.

    (c) His right to fair and equal treatment guaranteed by the Equal Protection Clause of the Fourteenth Amendment.

37. Defendant Officers, acting under color of state law, took Plaintiff into physical custody without probable cause to believe that a crime had occurred, without probable cause that Plaintiff had committed a crime, and without reasonable articulable suspicion that criminal activity was afoot.

38. Defendant Officers, acting under color of state law and in concert with one another, by their conduct showed intentional, outrageous, and reckless disregard for Plaintiff's constitutional rights.

39. As a direct and proximate result of Defendant Officers' conduct, Plaintiff suffered physical and emotional injury, loss of freedom, and loss of other constitutionally protected rights as described above.

40. Defendants City of Jackson and Director Heins, acting under color of state law, authorized, tolerated, ratified, permitted, or acquiesced in the creation of policies, practices, and customs which created a de facto policy of deliberate indifference to individuals in similar circumstances to Plaintiff.

41. Upon information and belief, the Jackson Police Department has not properly trained its officers in Michigan firearms law and has repeatedly violated the constitutional rights of individuals similarly situated to Plaintiff.

42. As a direct and proximate result of Defendant Officers' actions and these policies, practices, and customs, Plaintiff suffered physical and emotional injury, loss of freedom, and loss of constitutionally protected rights.

**Count II - Second and Fourteenth Amendment Violations**

43. Plaintiff incorporates by reference paragraphs 1 through 42.

44. The Second Amendment to the United States Constitution provides, in pertinent part, that the right of the people to keep and bear arms shall not be infringed.

45. Defendant Officers' decision to seize Plaintiff's pistol without justification or provocation violated his Second Amendment individual right to keep and bear arms.

46. As a direct and proximate result of Defendant Officers' actions and the policies, practices, and customs of the Jackson Police Department and City of Jackson described above, Plaintiff suffered physical and emotional injury, loss of freedom, and loss of constitutionally protected rights.

## Count III - First and Fourteenth Amendment Violations

47. Plaintiff incorporates by reference paragraphs 1 through 46.

48. Defendants violated the following Constitutional rights of Plaintiff:

    (a) Plaintiff's right to core political speech protected by the First Amendment and incorporated by the due process clause of the Fourteenth Amendment, which includes conduct intended to rally public support for a particular cause.

    (b) Plaintiff's right to symbolic expression protected by the First Amendment and incorporated by the due process clause of the Fourteenth Amendment, which includes conduct intended to increase awareness of a particular cause.

49. Plaintiff's act of openly carrying a pistol in public was intended, in part, to increase awareness that open carry is lawful in Michigan and to rally public support, therefore qualifying it as symbolic political speech.

50. Defendants' actions in first removing Plaintiff from the Secretary of State office and then subsequently arresting him,

both without provocation or justification, interfered with his right to Freedom of Speech.

51. As a direct and proximate result of Defendant Officers' actions and the policies, practices, and customs of the City of Jackson described above, Plaintiff suffered physical and emotional injury, loss of freedom, and loss of constitutionally protected rights.

### Count IV - State Law Assault and Battery Claim

52. Plaintiff incorporates by reference paragraphs 1 through 51.
53. Defendant Officers intended to contact Plaintiff when escorting him from the Secretary of State office.
54. Plaintiff's circumstances created in him a well-founded apprehension of imminent physical contact.
55. Defendant Officers had the apparent ability to make unwanted physical contact with Plaintiff if not prevented.
56. The act was not prevented, and Defendant Officers grabbed Plaintiff by the arms and forcibly walked him out of the Secretary of State office.

57. Defendant Officers' contact with Plaintiff was not consensual.

58. As a direct and proximate result of Defendants' assault and battery of Plaintiff, Plaintiff suffered injury and damage, past, present, and future, including the following:

    (a) Pain, suffering, and emotional distress.

    (b) Humiliation, mortification, and embarrassment.

    (c) Other injuries and damages and consequences related to the assault and battery that may develop or manifest themselves during the course of discovery and trial.

59. At all material times, Defendant Officers were acting under color of state law; within the scope of their employment with Defendant City of Jackson; and in furtherance of the policies, practices, and customs of the City of Jackson.

### Count V - State Law False Imprisonment Claim

60. Plaintiff incorporates paragraphs 1 through 59.

61. Defendants physically restrained Plaintiff or deprived him of his personal liberty and freedom of movement for a period of over 36 hours.

62. Defendants intended to confine Plaintiff.

63. Plaintiff was conscious of his confinement at all relevant times.

64. Defendants' actions directly resulted in the actual confinement of Plaintiff.

65. The imprisonment and restraint were against Plaintiff's will.

66. Defendants accomplished the imprisonment and restraint by actual physical force, and the deprivation of Plaintiff's liberty and freedom was intentional, unlawful, unprivileged, and without probable cause.

67. In addition to the initial restraint and deprivation of personal liberty and freedom of movement being unreasonable, the continued detention and imprisonment were unreasonable.

68. As a direct and proximate result of Defendants' false imprisonment, detention, and investigation, Plaintiff has suffered injuries and damages including the following:

   (a) Physical injuries;

   (b) Pain, suffering, and emotional distress;

   (c) Humiliation, mortification, and embarrassment; and

    (d) Other injuries or damages related to the occurrence that appear or manifest themselves during the course of discovery and trial.

### Count VI - Conspiracy To Deprive of Rights

69. Plaintiff incorporates by reference paragraphs 1 through 68.
70. Defendant Officers conspired while Plaintiff was detained on how to charge Plaintiff with a crime.
71. Defendant Officers then arrested Plaintiff on the alleged charge of Resisting Arrest.
72. Upon the prosecuting attorney having access to all evidence, Plaintiff was cleared of all charges.
73. As a direct and proximate result of Defendants' actions, Plaintiff has suffered injuries and damages including the following:

    (a) Physical injuries;

    (b) Pain, suffering, and emotional distress;

    (c) Humiliation, mortification, and embarrassment; and

(d) Other injuries or damages related to the occurrence that appear or manifest themselves during the course of discovery and trial.

### Count VII - State Law Replevin

74. Plaintiff incorporates by reference paragraphs 1 through 73.
75. Plaintiff's pistol was seized by Defendants without right.
76. By information and belief, Plaintiff's pistol remains in the possession of Defendants.

### Request for Relief

Plaintiff requests that this Court enter judgment against defendants in the amount of Three Hundred Thousand Dollars ($300,000.00) or such amount to which he is otherwise found to be entitled, an additional amount of Six Hundred Thousand Dollars ($600,000.00) for punitive or exemplary damages, as well as costs, interest, attorney's fees, and any other relief this honorable Court deems equitable. Plaintiff also requests that this Court order that Defendants return Plaintiff's pistol to his possession.

## Request for Jury Trial

Under Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands a jury trial on all issues triable by a jury.

Respectfully Submitted,

/s/Steven W. Dulan
Steven W. Dulan (P54914)
Of the Law Offices of
Steven W. Dulan, PLC
Attorney for Plaintiff

Dated: March 13, 2014