UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEREMIAH CHESNEY,

      Plaintiff,               CASE NO.:  2:14-cv-11097
                                       HON. GERALD E. ROSEN
v.                                   MAG. JUDGE MICHAEL J. HLUCHANIUK

CITY OF JACKSON, et al,

      Defendants.
_____

### DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO THEIR MOTION FOR SUMMARY JUDGMENT

    There is no genuine issue of material fact that would preclude summary judgment in this matter.  Plaintiff concedes that he is unable to establish an unconstitutional policy of failing to train by the City of Jackson—the only policy pled in the Complaint—and the City of Jackson and the official capacity claims must be dismissed on this basis.  Plaintiff admits that no 14th Amendment claim has been pled, and has apparently abandoned his conspiracy claim by making no argument in its support.  *Roberts v. Carter*, 337 F.3d 609, 613 (6th Cir. 2003) (finding a claim abandoned where the party "fails to advance any argument in support").  As Plaintiff's remaining claims are barred by immunity and otherwise unsustainable, judgment must enter in Defendants' favor.

1

Plaintiff has not established any unreasonable conduct by any officer to avoid qualified immunity as to his Fourth Amendment claim. Defendants responded to a call of a suspicious person with a backpack on the one-month anniversary of the Boston Marathon bombing. Plaintiff's own testimony establishes that he had initially entered the Secretary of State's office without the backpack, stayed about 20 minutes, then retrieved his backpack from his vehicle, set it down at a desk and walked some distance away.[1] He was reported as looking out of the windows repeatedly, which he does not dispute, and was also reported to have taken a loaded gun from inside the backpack. Clearly, reasonable suspicion existed to conduct a *Terry*[2] stop.

Plaintiff aruges that his initial contact with the officers was a consensual encounter, rather than a *Terry* stop, which should have ended when Plaintiff refused to step outside. This argument is without merit. Aside from the existence of reasonable suspicion due to the 911 call and the circumstances, Plaintiff was not simply asked once to step outside and speak with officers, as he suggests. To the contrary, he was asked repeatedly, in increasingly loud tones, while confronted by

---

[1] Plaintiff notes that "no Defendant mentions seeing a backpack on Plaintiff's person." (Pl.'s Resp., filed with this Court as Doc #16, p. 8). This in itself was suspicious conduct—that Plaintiff did not keep his backpack with him, but set it down and walked away. There is no dispute that Plaintiff matched the suspect's description that was provided through dispatch.

[2] *Terry v. Ohio*, 392 U.S. 1 (1968).

2

several officers. (Pl.'s Resp., Ex. 1, p. 63). As stated in *United States v. Peters*, 194 F.3d 692, 698 (6th Cir. 1999), "coercive or intimidating behavior" by law enforcement "negates the reasonable belief that compliance is not compelled." This includes "the threatening presence of several officers…or the use of language or tone of voice indicating that compliance with the officer's request might be compelled." *United States v. Mendenhall*, 446 U.S. 544, 554 (1980). A reasonable person confronted by multiple officers repeatedly asking, louder and louder, to step outside would not have felt free to ignore them and continue on about his business. Defendants were thus conducting a *Terry* stop. *U.S. v. Swanson*, 341 F.3d 524, 528 (6th Cir. 2003) ("The very nature of a *Terry* stop means that a detainee is not free to leave during the investigation").

Defendants were also justified in removing Plaintiff from the Secretary of State's office when he refused to leave on his own. "[I]t is well established that officers may ask (or force) a suspect to move as part of a lawful *Terry* stop." *United States v. Gori*, 230 F.3d 44, 56 (2d Cir. 2000). It was not unreasonable for Defendants to ask an armed, suspicious, increasingly agitated individual to speak with them outside rather than in a room filled with 50-60 people and then to physically compel his compliance.[3] Plaintiff does not contend that the force used

---

[3] Plaintiff contends that "[l]eaving Plaintiff alone while conversing demonstrates that Officers did not feel Plaintiff was an immediate threat." (Pl.'s Resp., p. 9). At the time of the officers' conversation, Plaintiff was no longer armed and was not

3

to remove him from the office was excessive, and his assertion that the officers had no right to physically remove him to outside the State office is contrary to well-established law. *Gori, supra*; *Terry, supra*; *People v. Corr*, 287 Mich. App. 499, 507 (2010); *United States v. Merritt,* 695 F.2d 1263, 1274 (10th Cir.1982), *cert. denied,* 461 U.S. 916 (1983). Plaintiff has failed to establish a violation of a clearly established constitutional right under the Fourth Amendment. Defendants are therefore entitled to summary judgment.

Plaintiff has likewise failed to establish that the contours of the Second Amendment were so clearly established that a reasonable officer would conclude beyond debate that it was violated by Defendants' conduct. To the contrary, Plaintiff acknowledges "it is true that the Sixth Circuit Court of Appeals has not yet spoken on the issue of the right to bear arms outside the home" and "has yet been silent on the subject of exactly where Second Amendment rights apply[.]" (Pl.'s Resp., p. 12 & 13).

Where there are no "cases of controlling authority in [the subject] jurisdiction at the time of the incident which clearly established the rule on which [a plaintiff seeks] to rely, nor…a consensus of cases of persuasive authority such that a reasonable officer could not have believed that his actions were lawful[,]" then the law is not clearly established and qualified immunity applies. *Wilson v.*

---

near other people—a wholly different circumstance than when he was armed in a crowded lobby.

*Lane*, 526 U.S. 603, 617 (1999). Of the extra-jurisdictional cases cited by Plaintiff, two dealt with complete and total prohibitions of gun possession outside of the home (*Ezell* and *Madigan*), two were decided after the events in this case and therefore could not serve as notice of the state of the law to these Defendants (*Peruta* and *Tyler*), and three were unable to define the breadth of the Second Amendment outside the home. (Pl.'s Br., p. 13) (noting *Kalchasky* found only "some application," *Drake* "declin[ed] to 'definitively declare'" and *Wollard* merely "assum[ed]" the Second Amendment "applies outside the home."). Plaintiff has not provided a consensus of cases to show it was clearly established law that a person has a Second Amendment right to carry a firearm in a State office located on private property where weapons are not permitted. His claim is therefore precluded by qualified immunity.

Plaintiff's First Amendment claim is likewise unsustainable as a matter of law. Plaintiff identifies no other conduct he engaged in besides openly carrying his firearm, and provides no citation for his assertion that "[o]pen carry when done to promote awareness of and educate others on the legality of open carry deserves First Amendment protection." (Pl.'s Resp., p. 15-16). To the contrary, as stated in Defendants' motion, courts have rejected the argument that merely openly carrying a firearm conveys any message or constitutes free speech. *Baker v. Schwab*, __ F. Supp. 2d __, 2014 WL 4111375 (E.D. Mich. 2014); *Northrup v. City of Toledo*

*Police Div.*, __ F. Supp. 3d __, 2014 WL 4925052 at *4 (N.D. Ohio 2014); *Nordyke v. King*, 319 F.3d 1185, 1190 (9th Cir. 2003). Additionally, Plaintiff has offered no evidence that his "message" was understood by fellow patrons in the Secretary of State's office; instead, the police were summoned. Plaintiff has failed to establish a violation of his clearly established rights, and Defendants are entitled to qualified immunity and, consequently, summary judgment.

In response to Defendants' assertion of governmental immunity, Plaintiff has presented no evidence that any of the officers acted with malicious intent as required to assert state law tort claims. For this reason alone, Plaintiff's state claims fail.

Further, Plaintiff has not identified any excessive force that was used against him. Plaintiff conceded that he "tensed up and struggled" with the officers as they were removing him from the State office and that he also resisted being handcuffed. There are no allegations and no evidence that any force was used beyond what was necessary to gain compliance. Plaintiff's claim for assault and battery therefore fails on this additional basis.

Similarly, probable cause existed to arrest Plaintiff for resisting and obstructing. Plaintiff's failure to comply with the demands to step outside violated state law and local ordinance. Further, Plaintiff "tensed up and struggled" when the officers removed him, (Pl.'s Resp., Ex. 1, p. 67), refused to provide his

concealed pistol license and his driver's license, and resisted his arrest. Plaintiff cannot establish false imprisonment on these undisputed facts, even if governmental immunity did not bar Plaintiff's claim.

Plaintiff's replevin claim is also fatally flawed, even in the absence of governmental immunity. He concedes that his pistol was properly seized incident to his arrest. (Pl.'s Resp., p. 17). Plaintiff never requested that it be returned (Exhibit A, Pl.'s Dep., p. 92)—a prerequisite to a claim for replevin. *See Myers v. Sawvell*, 219 Mich. 252, 256 (1922) ("The general rule is well settled in this state that, where one comes into lawful possession of personal property, demand for its surrender is a prerequisite to an action in replevin."). His claim therefore fails, and Defendants are entitled to summary judgment.

Respectfully submitted,

**PLUNKETT COONEY**

By */s/Audrey J. Forbush*
    AUDREY J. FORBUSH (P41744)
    RHONDA R. STOWERS (P64083)
    Attorneys for Defendants
Dated: January 5, 2015    111 E. Court Street – Suite 1B
    Flint, MI 48502
    (810) 342-7014
    aforbush@plunkettcooney.com

## **CERTIFICATE OF ELECTRONIC FILING**

Rhonda Stowers, certifies that a copy of the above pleadings and this Certificate of Electronic Filing was electronically filed with the United States District Court, Eastern District of Michigan, Southern Division, in the above cause on January 5, 2015, and that due to the mandatory court requirement that all attorneys use the electronic filing system, a copy will be provided to counsel by the court's notification; as well as a Judge's copy via US First Class Mail.  I declare under the penalty of perjury that the above statement is true to the best of my knowledge, information and belief.

/s/Rhonda Stowers
Rhonda Stowers (P64083)

Open.00560.40854.14940088-1