UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

Jeremiah Chesney,               Case No. 2:14-cv-11097

    Plaintiff,

v.                              Hon. Gerald Rosen

City of Jackson, et al.,

    Defendant.
_____/

| | |
|---|---|
| Steven W. Dulan (P54914) | Audrey Forbush (P41744) |
| The Law Offices of | Plunkett Cooney |
| Steven W. Dulan, PLC | Attorney for Defendants |
| Attorney for Plaintiff | Plaza One Financial Center |
| 1750 E. Grand River Ave | 111 E Court Street |
| Suite 101 | Suite 1B |
| East Lansing, MI 48823 | Flint, MI 48502 |
| (517) 333-7132 | (810) 342-7014 |
| swdulan@stevenwdulan.com | aforbush@plunkettcooney.com |

_____/

**Supplementary Authority**

## Table of Contents

Table of Contents..................................................................i
Table of Authorities..............................................................ii
Argument..............................................................................1

**Table of Authorities**

# Case Authority

*Baker v. Schwarb*, 40 F. Supp. 3d 881 (E.D. Mich. 2014).......1
*Baker v. Smicik*, 49 F. Supp. 3d 489 (E.D. Mich. 2014)..........1
*Northrup v. City of Toledo*, ___ F.3d ___, Docket No. 14-4050
(6 CA May 13, 2015).........................................................1, 2

## Argument

The recent 6th Circuit Court of Appeals case, *Northrup v. City of Toledo*, ___ F.3d ___, Docket No. 14-4050 (6 CA May 13, 2015), lays out a framework for how stops involving a person openly carrying a firearm where that practice is lawful must be carried out. This precedent replaces the framework laid out in this Court's *Baker* cases. *See Baker v. Smicik*, 49 F. Supp. 3d 489 (E.D. Mich. 2014) and *Baker v. Schwarb*, 40 F. Supp. 3d 881 (E.D. Mich. 2014).

The relevant facts in the Northrup case differ only slightly from those in the case at hand. In Northrup, a man was openly carrying a firearm in accordance with local law. *Northrup*, ___ F.3d ___ at *1. A passer-by was startled by the weapon and contacted law enforcement. Id. An officer reported to the location and began a consensual encounter with Mr. Northrup. *Id.* At this point, Mr. Northrup reached toward a cell phone which was near his firearm. *Id.* The officer reached for his weapon and instructed Mr. Northrup

1

to keep his hands away from the weapon. *Id.* The officer then walked up to Mr. Northrup and took his weapon rather than answering Mr. Northrup's questions about why the officer was on the scene. *Id.* Mr. Northrup was eventually cited with failure to provide information—a charge that was later dropped—and released after approximately half an hour. *Id.* at *2.

The 6th Circuit in *Northrup* held that where the open carry of a firearm is allowed by local law, the default assumption upon seeing a firearm cannot be to assume that carrying it is illegal. *Id.* at *6. Any fear that Mr. Chesney *could* have started shooting is also set aside by Northrup, since the hope that Chesney "was not about to start shooting remains another term for the trust that [citizens] have placed in their State's approach to gun licensure and gun possession." *Id.* ("Ohioans" changed to "Citizens")

Mr. Chesney was merely carrying a firearm—an act allowed by Michigan State law—at the time he was

2

approached by Defendant Officers. The Defendants disarmed Mr. Chesney and dragged him outside almost immediately after seeing him. Under the rules set forth in Northrup, the Defendants cannot be considered to be entitled to judgment as a matter of law, as required for summary judgment on this motion.

Respectfully Submitted,

THE LAW OFFICES OF STEVEN W. DULAN, PLC


By: /s/ Steven W. Dulan
Steven W. Dulan (P54914)
Attorney for Plaintiff

Dated June 9, 2015

3