UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEREMIAH CHESNEY,

      Plaintiff,             CASE NO.:  2:14-cv-11097
                                     HON. GERALD E. ROSEN
v.                                  MAG. JUDGE MICHAEL J. HLUCHANIUK

CITY OF JACKSON, et al,

      Defendants.
_____

**<u>DEFENDANTS' SUPPLEMENTAL BRIEF IN SUPPORT OF SUMMARY JUDGMENT</u>**

      Defendants, by and through their attorneys, Plunkett Cooney, in accordance with the stipulation filed as Document #18 on May 29, 2015, hereby offer the following supplement in support of their Motion for Summary Judgment.

      *Northrup v. City of Toledo*, __ F.3d __, 2015 WL 2217061 (6th Cir. 2015), which is readily distinguishable from this case on its facts, does not alter the existing law of this Circuit, nor does it impact Defendants' entitlement to summary judgment as to Plaintiff's Fourth Amendment claim.  Unlike *Northrup*, the *Terry*[1] stop of Plaintiff in this case was based on particular and articulated suspicion of criminal activity, not the mere carrying of a firearm.  Defendants' brief stop and detention of Plaintiff was justified by the specific circumstances of this case.

---

[1] *Terry v. Ohio*, 392 U.S. 1 (1968).

1

In light of the circumstances, which is the manner in which Plaintiff's Fourth Amendment claim must be considered,[2] the Defendants' stop of Plaintiff was warranted.  The police in *Northrup* were dispatched to a man walking down the street with his dog, carrying a firearm.  By contrast, Defendants in this case were dispatched to a crowded state office on the one-month anniversary of the Boston marathon bombings (accomplished with backpacks) due to reports of a suspicious individual with a backpack.  Plaintiff had entered the office without it, and then retrieved it from his car only to set it down and walk away, pacing and looking repeatedly out of the office windows.  It was also reported that Plaintiff had taken a loaded gun from the backpack.  The Terry stop was justified on these facts.

Even then, Plaintiff was not disarmed until he began arguing loudly with the officers, refused their lawful commands to step outside, and physically resisted their attempts to escort him, thereby violating Michigan law.  Mich. Comp. L. 750.81d; *United States v. Gori*, 230 F.3d 44, 56 (2d Cir. 2000) ("it is well established that officers may ask (or force) a suspect to move as part of a lawful *Terry* stop.").  Defendants were justified in protecting their safety and the safety of the 50 to 60 other people present, and their *Terry* stop of Plaintiff was reasonable.  *Northrup* does not support a denial of summary judgment on these facts.

---

[2] *Terry, supra* at 21 (stating that courts "must evaluate the reasonableness of a particular search or seizure in light of the particular circumstances.").

It should also be noted that the *Northrup* Sixth Circuit decision was limited to the Fourth Amendment question and did not address the lower court's First Amendment analysis. *Northrup, supra.* As such, it does not modify the lower court's finding that merely carrying a firearm does not convey any message or constitute protected speech. *Northrup v. City of Toledo Police Div.*, 58 F. Supp. 3d 842, 848 (N.D. Ohio 2014). This is in accordance with the findings of other courts, as stated in Defendants' prior briefs. *Id.*; *Baker v. Schwarb*, 40 F. Supp. 3d 881 (E.D. Mich. 2014); *Burgess v. Wallingford*, No. 11-cv-1129, 2013 WL 4494481 (D. Conn. May 15, 2013) (attached as Exhibit 5 to Defs.' Motion); *Nordyke v. King*, 319 F.3d 1185, 1190 (9th Cir. 2003). Summary judgment must consequently enter in Defendants' favor on this issue as well.

Respectfully submitted,

**PLUNKETT COONEY**

By */s/Audrey J. Forbush*
AUDREY J. FORBUSH (P41744)
RHONDA R. STOWERS (P64083)
Attorneys for Defendants
111 E. Court Street – Suite 1B
Flint, MI 48502
(810) 342-7014
aforbush@plunkettcooney.com

Dated: June 11, 2015

3

## **CERTIFICATE OF ELECTRONIC FILING**

Angelique McGrath certifies that a copy of the above document and this Certificate of Electronic Filing was electronically filed with the United States District Court, Eastern District of Michigan, Southern Division, in the above cause on Thu, Jun 11, 2015, and that due to the mandatory court requirement that all attorneys use the electronic filing system, a copy will be provided to counsel by the court's notification; as well as a Judge's copy via US First Class Mail.  I declare under the penalty of perjury that the above statement is true to the best of my knowledge, information and belief.

                                          /s/Angelique McGrath
                                          Angelique McGrath

Open.00560.40854.15559166-1